**UNITED STATES of America, Plaintiff,**

v.

**Ronald W. SKEDDLE, et al., Defendants.**

**No. 3:95CR736.**

United States District Court,
N.D. Ohio,
Western Division.

Sept. 15, 1997.

264

Jon D. Richardson, Sr., Kaplan, Richardson, Rost & Helmick, William M. Connelly, Connelly, Soutar & Jackson, Toledo, OH, Peter R. Ginsberg, Gold & Wachtel, Robert Gold, Michael Sommer, McDermott, Will & Emery, New York City, NY, for Defendants.

Ronald W. Skeddle, Perrysburg, OH, pro se.

Robert William Kern, Office of U.S. Attorney, Cleveland, OH, Thomas A. Karol, Office of U.S. Attorney, Toledo, OH, for Plaintiff.

### Order

CARR, District Judge.

Pending in this case is a motion by the defendant Purser to exclude evidence pursuant to Fed.R.Evid. 408. (Doc. 594). For the reasons that follow, the motion shall be overruled.

The defendant previously filed an unsuccessful motion to suppress the statements that are the subject of this motion. Despite its untimeliness, which provides a separate, adequate, and independent ground for overruling the instant motion, the motion shall nonetheless be considered on its merits.

Rule 408 bars evidence of offers to "compromise" and "statements made in compromise negotiations." The defendant has failed to meet his burden of showing that his state-ments were made in "compromise negotiations."

As of June 1, 1993, when the statements were made, the defendant's firm, Computer Technology Management, Inc. was under contract with Libbey–Owens–Ford Company (LOF) to provide computer services to LOF. On May 10, 1993, LOF had fired the defendants Skeddle, Costin, and Bryant for alleged wrongdoing.

On learning of the possibility of such wrongdoing, LOF retained an outside investigator, The Fairfax Group and legal counsel, Squires, Sanders & Dempsey (SSD). Agents of Fairfax and counsel from SSD undertook an investigation for LOF of the alleged wrongdoing of defendants Skeddle, Costin, and Bryant. As part of that investigation, the defendant Purser was initially interviewed shortly after the firing of Skeddle, Costin, and Bryant. He was thereafter asked to submit to a further interview, which eventually was held on June 1, 1993.

After the initial interview with Purser, LOF had notified him on May 20, 1993, that he was a subject of its investigation into the activities of the defendants Skeddle, Costin, and Bryant, and that it was "imperative that we resolve all of these issues immediately for the benefit of both CTM and LOF." (Doc. 641 at 2). In addition, on May 26, 1993, LOF filed suit in the Common Pleas Court of Franklin County, Ohio, against the defendant Clarence H. Martin. Purser was not named in that suit as of the date of his interview with Fairfax and a lawyer from SSD. He was, however, joined as a defendant in that litigation on June 7, 1997.

Thus, as of June 1, 1993, the date of the interview challenged in his motion, defendant Purser was aware that LOF was investigating Skeddle, Costin, and Bryant, he was a subject of that investigation, and suit had been filed against another individual based on alleged wrongdoing by Skeddle, Costin, and Bryant. It is reasonable to infer that Mr. Purser may have anticipated that he could become involved in litigation with LOF—which, as noted, occurred shortly after his interview.

Despite the possibility of litigation arising between Purser and LOF, the record shows that Purser was informed at the outset of the June 1, 1993, interview that its purpose was "informational gathering ... a continuation of the conversation" (i.e., Purser's earlier interview) with a Fairfax representative and LOF's General Counsel, Alan Miller. The interviewer expressed appreciation for Purser's "willingness to assist us in this fact-finding," which was "all we're about. That" (i.e., fact-finding), the interviewer stated, "is simply our role as we told you before. Simply to gather some facts and try to help resolve these problems from both sides so that everyone can get back to their business and not be distracted." (Doc. 663 at 4).

The only suggestion of any dispute between Purser and LOF was the reference to "these problems" and a desire to "resolve [them] from both sides." This is not sufficient, in my view, to show that the parties were engaged in an effort to compromise any differences between them. To be sure, there were problems, and LOF was trying to find out the magnitude of those problems—which, it later was to come to believe, had cost it more than $7.7 million. Trying to find out the extent of those problems, and the role, if any, Purser may have had in them, was something entirely different from seeking to compromise a dispute about the consequences of such problems.

There is no indication or suggestion in the record that, as the interview began, LOF had accused Purser of wrongdoing or believed him to be responsible for the problems that LOF was trying investigate and uncover. No demand had been made on him to do anything other than to submit to interviews with Fairfax and LOF's counsel. Absent some demand based on an assertion against Purser that he had caused harm or otherwise was responsible or accountable for harm caused by others, there was nothing for him and LOF to seek to compromise.

I conclude, accordingly, that when Purser was interviewed no intent to compromise any dispute was on the minds of any of the participants in that interview, including the defendant Purser. He was being asked to provide information, and he did so. LOF was seeking to find out as much as it could as quickly as it could about the activities of Skeddle, Costin, and Bryant and their consequences.

In light of the record submitted by the defendant Purser, he has failed to show that, when he gave the interviews he now seeks to exclude under Rule 408, he or LOF was seeking to compromise anything. Instead, the only fair reading of the record is that he submitted to LOF's request that he be interviewed as part of its effort to find out what had happened after the alleged wrongdoing of the defendants Skeddle, Costin, and Bryant became known three weeks earlier.

It is, therefore,

ORDERED THAT the motion of the defendant Purser to exclude evidence (Doc. 594) be, and the same hereby is overruled.

So ordered.